# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| RICHARD BARTLETT,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST PREMIER BANK,<br><br>    Defendant. | Case No.: 3:19-cv-50242<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227,<br><br>2. Invasion of Privacy - Intrusion Upon Seclusion |

## COMPLAINT FOR DAMAGES

Plaintiff, Richard Bartlett ("Plaintiff"), through his attorneys, alleges the following against First Premier Bank, ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise,

upon the solitude or seclusion of another or his private affairs or concerns…

that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Winnebago County, State of Illinois.

7. Defendant is a creditor engaged in the business of giving consumer loans with its principal place of business located at 601 S. Minnesota Ave., Sioux Falls, SD 57104-4824.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendants are attempting to collect a debt from Plaintiff.

10. In or around October of 2018, Defendant began placing calls to Plaintiff on his cellular phone, (815) 985-3038, in an attempt to collect an alleged debt.

11. The calls placed by Defendant mainly originated from (800) 501-6652 and (866) 890-3387.

12. On or about October 8, 2018, at 3:16 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (800) 501-6652.

13. Defendant informed Plaintiff that it was attempting to collect a debt relating to his First Premier Bank account.

14. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request for calls to his cellular phone to cease, Defendant continued to call Plaintiff.

15. Defendant's incessant calls continued until November 16, 2018.

16. Between October 8, 2018 and November 16, 2018, Defendant called Plaintiff no less than one hundred ten (110) times.

17. Defendant called Plaintiff between one (1) to seven (7) times a day.

18. Many times, when Plaintiff answered calls from Defendant, there was a pre-recorded message or no person on the phone.

19. Plaintiff works for Chrysler delivering material to workers on the assembly line.

20. While on the job, Plaintiff's foot was crushed by multiple racks of automotive parts, weighing 500 to 800 pounds each, resulting in a broken foot.

21. As a result of this severe injury, Plaintiff could not walk for five months and was out of work for nine months.

22. Plaintiff was receiving disability pay which was half of his normal wages.

23. Defendant's constant calls caused Plaintiff stress while dealing with the severe pain from his injury and lack of income.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
### Defendant's Violations of the TCPA, 47 U.S.C. § 227

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an

artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

27. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

28. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

29. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite his request for the calls to cease.

   b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that were constant interruption to his work and personal life.

   c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Richard Bartlett, respectfully requests judgment be entered against Defendant for the following:

   A. Declaratory judgment that Defendants violated the TCPA;

   B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

    C. Actual and punitive damages resulting from the invasion of privacy;

    D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    E. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

                                                          RESPECTFULLY SUBMITTED,

                                                          PRICE LAW GROUP, APC

Date: September 25, 2019                 By: */s/David A. Chami*
                                                          David A. Chami
                                                           8245 North 85th Way
                                                          Scottsdale, AZ 85258
                                                          T: 818-600-5515
                                                          F: 818-600-5415
                                                          david@pricelawgroup.com

                                                          By: */s/ Tarek N. Chami*
                                                          Tarek N. Chami
                                                          22000 Michigan Ave., Suite 200
                                                          Dearborn, MI 48124
                                                          T: 313-444-5029
                                                          F: 888-428-7911
                                                          tarek@pricelawgroup.com